STEVEN G. KALAR
Federal Public Defender
ELLEN V. LEONIDA
Assistant Federal Public Defender
450 Golden Gate Avenue, 19th floor
San Francisco, CA 94102
Telephone: (415) 436-7700
Facsimile: (415) 436-7706
Email: ellen_leonida@fd.org

Counsel for Defendant,
KEVIN REYNALDO RIVAS-RODRIGUEZ

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| UNITED STATES OF AMERICA, | CR 19-718 CRB |
|---|---|
| PLAINTIFF, | |
| | DEFENDANT'S SENTENCING MEMORANDUM |
| v. | |
| | HONORABLE CHARLES R. BREYER |
| KEVIN REYNALDO RIVAS RODRIGUEZ, | DATE: APRIL 1, 2020 |
| | TIME: 11:00 A.M. |
| DEFENDANT. | |

CR 19-718 CRB
Defendant's Sentencing Memorandum

1

1. **INTRODUCTION**

Kevin Rivas-Rodriguez grew up in poverty in Honduras. He came to the United States hoping to make enough money to help his family and to escape the gangs that terrorized his country. On December 4, 2019, Mr. Rivas-Rodriguez was arrested for selling $20.00 worth of heroin to an undercover officer in the Tenderloin. Additional narcotics were found on his person. He pled guilty to a violation of 21 U.S.C. § 841 and now comes before this court for sentencing.

Because there is no reliable measure of the quantity of drugs Mr. Rivas-Rodriguez possessed, the Court should apply the minimum advisory Guidelines applicable to the narcotics Mr. Rivas-Rodriguez admitted to possessing: offense level 12. After a two level reduction for acceptance of responsibility, the total offense level would be 10, with an attendant advisory Guideline range of 6-12 months. A slight variance—to a time-served sentence—would be more than sufficient to punish Mr. Rivas-Rodriguez for his conduct and serve the goals of sentencing.

2. **DISCUSSION**

   **2.2   The Government Has Not Met Its Burden of Establishing the Total Weight of the Narcotics for Purposes of Calculating the Advisory Sentencing Guidelines.**

Because there is no reliable quantification of the drugs found in Mr. Rivas-Rodriguez's possession on December 4, 2019, the court should adopt the lowest offense level applicable to the drugs he admitted to possessing under Guideline § 2D1.1(c): offense level 12. U.S.S.G. § 2D1.1(c)(14). It is the government's burden to prove the facts necessary to compute the base offense level under Guideline § 2D1.1. *U.S. v. Harrison-Philpot*, 9778 F.2d 1520, 1522 (9th Cir. 1992). Here, the government has not produced any evidence of the net weight of the drugs. The Court cannot rely on estimates or inferences regarding something as easily quantifiable as the nature and weight of the suspected narcotics seized in this case.

Because the government has not met its burden, the adjusted offense level should be 12. Subtracting two levels for acceptance of responsibility, the total offense level would be 10. In Mr.

Rivas-Rodriguez's criminal history category (I), the resulting advisory Guideline range is 6-12 months. For the reasons discussed below, a variance from that range is warranted here.

### 2.3 A Sentence of Credit for Time Served Would Be Sufficient, but not Greater than Necessary, to Satisfy the Goals of 18 U.S.C. § 3552(a).

A sentence of time served is warranted by a consideration of the factors enumerated in 18 U.S.C. § 3553(a). Mr. Rivas-Rodriguez is 21 years old. He grew up in poverty in Honduras. He worked in the fields and as a mason's assistant since he was a teenager. Mr. Rivas-Rodriguez sought out an education but both the village where he lived and the city where the school is located were plagued by gangs. The gangs extorted shop owners, terrorized residents, and attempted to forcibly recruit young men. The gang threat and a desire to support his family drove Mr. Rivas-Rodriguez to come to the United States. This is his only criminal conviction. Mr. Rivas-Rodriguez's history and characteristics thus warrant the variance he is requesting. *See* 18 U.S.C. § 3553(a)(1).

The nature and circumstances of this offense similarly support a variance from the advisory guideline range. *See* 18 U.S.C. § 3553(a)(1). Mr. Rivas-Rodriguez was arrested following a $20.00 hand-to-hand drug transaction in the Tenderloin. PSR ¶ 35. At 21 years old, with no criminal record, Mr. Rivas-Rodriguez is certainly not a drug kingpin. However, despite his youth, despite the fact that he had no criminal record, and despite the scale of his crime, Mr. Rivas-Rodriguez was charged with a felony in federal court. He was not afforded the opportunity to participate in a diversion program or any of the other rehabilitative options that would be available in state court for a young, first-time, low-level offender. The time he has spent in custody already constitutes his longest (and only) jail sentence.

Finally, the variance Mr. Rivas-Rodriguez requests is justified in light of the devastating collateral consequences of this federal conviction. After serving his sentence he will be deported to Honduras, where he will be forced to confront the gang violence that he fled. Honduran gangs are notorious for conscripting young men in the villages. They are also notorious for inflicting horrific retribution on men who are deported back to Honduras after escaping to avoid gang

membership. In recent years many young men have been beaten, burned, maimed, and murdered following their deportation to Honduras from the United States. Families of the young men who are targeted by gang members report moving every few months, but still the gang eventually finds them and exacts its revenge.[1] This is the situation to which Mr. Rivas-Rodriguez will be returning upon the completion of his sentence.

3. **CONCLUSION**

Kevin Rivas-Rodriguez is 21 years old and this low-level drug sale is his only criminal conviction. The time he has already spent in custody is sufficient, but not greater than necessary, to serve the goals of 18 U.S.C. § 3553(a) in this case.

Dated: March 25, 2020

Respectfully submitted,

STEVEN G. KALAR
Federal Public Defender

_____/S/_____
ELLEN V. LEONIDA
Assistant Federal Public Defender

---

[1] See https://www.pbs.org/newshour/show/honduran-migrants-deported-from-the-u-s-often-face-a-grim-fate.

CR 19-718 CRB
Defendant's Sentencing Memorandum

4